# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. ENNIS,<br><br>          Plaintiff,<br><br>   v.<br><br>A. HERRERA, et al.,<br><br>          Defendants. | No. 2:18-CV-0816-DMC<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to provide him adequate medical care.

///
///
///
///
///
///
///
///

1

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 15 Defendants: (1) A. Herrera, (2) Jordan Tyler, (3) Steve Molina, (4) Jian Ma, (5) John, (6) Prasad, (7) Acosta, (8) E. Moghaddam, (9) J. Wedell, (10) R. Saeteurn, (11) Aubert, (12) M. Fong, (13) Keith Myers, (14) Yingmei Bu, (15) Jannice Escartin. Plaintiff's allegations against each Defendant ranges in severity. Plaintiff alleges that Defendants Molina, John, and Jordan violated the Eighth Amendment when they neglected to address Plaintiff's need for a bottom bunk. Plaintiff further alleges that Defendant Molina disregarded orders from Dr. Jian Ma to send Plaintiff to the emergency room "code 1." Plaintiff alleges Defendant Jian Ma provided an inadequate evaluation over the phone with Defendant Molina, inappropriately canceled appointments, and failed to provide Plaintiff a "cam boot". Plaintiff alleges that Defendant Prasad ignored his injury. Plaintiff further alleges that Defendants Herrera and Aubert refused to provide Plaintiff with a wheelchair causing him to miss multiple appointments. Plaintiff alleges that Defendant M. Fong forced Plaintiff to go out to the yard the day after his surgery despite the doctor's orders not to spend time in direct sunlight and that Defendant R. Saeteurn inappropriately canceled appointments. Plaintiff contends Defendant Acosta refused to allow Plaintiff to change his wound dressing post-surgery and refused to provide Plaintiff with ice for his wound. Plaintiff asserts that Defendant Keith Myers ignored his need for medical treatment and that Defendant J. Wedell placed a handmade AFO on Plaintiff, which caused him sores. Finally, Plaintiff alleges Defendants Ying Mei Bu and Jannice Escartin fabricated medical documents regarding Plaintiff's pain. It is unclear from the complaint what violation was allegedly caused by Defendant E. Moghaddam.

## III. ANALYSIS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

(1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See

Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's claims against Defendants Molina, Jian Ma, Aubert, and Herrera seem to state a claim sufficient to satisfy the initial pleading standard and can thus pass screening. However, Plaintiff's claims against the remaining Defendants are insufficient to pass screening.

Plaintiff's claims against Defendant Prasad lack sufficient specificity and are vague and conclusory. The stated allegations that Prasad ignored Plaintiff's illness do not give rise to a violation of the Eighth Amendment, especially since Prasad's response to Plaintiff's complaint was to provide Plaintiff with a sick slip to fill out. Plaintiff's claims against Defendant M. Fong are also insufficient to pass screening, as Plaintiff fails to allege facts that M. Fong knew or should have known the Plaintiff was not supposed to go out into the yard and deliberately ordered him to go out into the yard anyway. Further, Plaintiff's claims against R. Saeteurn regarding the cancelation of his appointment are also too vague and conclusory to articulate a proper Eighth Amendment Claim. The cancelation of a single appointment alone, without any surrounding allegations or alleged harm, is insufficient to state a claim for relief. Similarly, Plaintiff's claim against Keith Myers that he ignored Plaintiff's need for medical treatment lacks supporting factual allegations and is conclusory. Plaintiff's claims against J. Wedell are somewhat unclear and seem to amount to a negligence claim not a constitutional violation under the Eighth Amendment as it does not implicate a denial of medical care. See Estelle, 429 U.S. at 106. Plaintiff's claims against Ying Mei Bu and Jannice Escartin related to the fabrication of documents also lack specificity and are merely unsupported conclusions, failing to establish how the alleged fabrication resulted in the denial of medical care. Finally, there seem to be no facts related to E. Moghaddam. For these reasons, Plaintiff's complaint, as to these Defendants, cannot

pass screening.

## IV.  AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

/ / /

6

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: April 8, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE