IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. ENNIS, | No. 2:18-CV-0816-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. HERRERA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) plaintiff's motion to amend complaint (ECF No. 26); (2) plaintiff's motion for an extension of time to conduct discovery (ECF No. 29); (3) plaintiff's motion to stay the case (ECF No. 32); and (4) defendants' motion to modify the scheduling order (ECF No. 33).

**A.   Motion to Amend Complaint**

This action proceeds on plaintiff's original civil rights complaint, ECF No. 1. Plaintiff seeks leave to amend because defendants' response categorized the complaint as "vague." ECF No. 26, pg. 1. As defendants correctly point out, this is not an adequate justification for granting plaintiff leave to amend.

///

///

1

1  The Federal Rules of Civil Procedure provide that a party may amend his or her
2  pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is
3  one to which a responsive pleading is required, within 21 days after service of the responsive
4  pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule
5  12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).
6  In all other situations, a party's pleadings may only be amended upon leave of
7  court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend
8  is required and sought, the court considers the following factors: (1) whether there is a reasonable
9  relationship between the original and amended pleadings; (2) whether the grant of leave to amend
10 is in the interest of judicial economy and will promote the speedy resolution of the entire
11 controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of
12 leave to amend would delay a trial on the merits of the original claim; and (5) whether the
13 opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d
14 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is
15 frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
16 Here, defendants submitted an answer to plaintiff's complaint on October 15,
17 2019. See ECF No. 23. However, plaintiff did not attempt to file an amended complaint until
18 February 24, 2020, four months later. Thus, plaintiff's right to amend once as a matter of course
19 has expired and his complaint may only be amended by leave of this Court.
20 The Court finds that notwithstanding the absence of clearly articulated grounds for
21 an amendment, leave to amend is nonetheless appropriate here. The prejudice arising from an
22 amended pleading at this time is minimal. As ordered herein, discovery will remain open for a
23 period sufficient to address any new issues in an amended pleading. Trial is not imminent. By
24 affording this pro se plaintiff the opportunity to amend now, the court and all parties have a
25 greater opportunity to prepare for and address plaintiff's actual claims at trial.
26 **B.     Motion for Extension of Discovery**
27 On October 25, 2019, the Court issued its discovery and scheduling order,
28 requiring that all discovery be completed by March 9, 2020. See ECF No. 24. Plaintiff seeks a 45-

day extension of the discovery deadline. Good cause appearing therefor, plaintiff's motion for an extension of time is granted in part and shall be reflected in this order's modification of the scheduling order.

### C. Motion to Stay Proceedings

Plaintiff states that he has failed to exhaust his complaint because he forgot to submit a "State of California – Department of General Services Government Claim Form" (DGS form). Plaintiff seeks a stay in proceedings until he has submitted a DGS form.

Plaintiff's claims are subject to the Prison Litigation Reform Act (PLRA), which requires that a prisoner challenging prison conditions exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Additionally, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (quoting Jones v. Bock, 549 U.S. 199, 216 (2007)).

Here, plaintiff's motion fails for two reasons. First, as mentioned above, exhaustion must precede the filing of the complaint and cannot be satisfied while the lawsuit is pending. Thus, staying this case to allow plaintiff to submit a DGS form would be futile. Second, exhaustion is an affirmative defense which must be asserted by the defendants and no such defense has yet been asserted. Therefore, granting plaintiff an opportunity to shore up his exhaustion requirements is not a valid reason to stay this case. Therefore, the Court denies plaintiff's motion to stay the case.

### D. Motion to Modify Scheduling Order

As stated in the Court's discovery and scheduling order, discovery was due by March 9, 2020 and all dispositive motions must have been filed within 90 days after the discovery cut-off date. See ECF No. 24. Defendants, referencing the unprecedented COVID-19 virus

outbreak, request a modification of the scheduling order to allow additional time to submit a motion for summary judgement. Good cause appearing therefor, defendants' motion for an extension of time is granted and shall be reflected in this order's modification of the scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend his complaint (ECF No. 26) is GRANTED, and plaintiff is ordered to file and serve an amended pleading within thirty days of this Order;

2. Plaintiff's motion for an extension of time to conduct discovery (ECF No. 29) is GRANTED and on the Court's own motion the deadline to complete discovery shall be extended to a date 120 days following the date on which Defendants serve and file a timely response to the amended pleading of plaintiff;

3. Plaintiff's motion to stay proceedings (ECF No. 32) is DENIED;

4. Defendant's motion to modify the scheduling order (ECF No. 33) is GRANTED; and

5. Discovery shall be completed as ordered herein, within 120 days of the date of defendants' timely filing of a pleading responsive to plaintiff's amended complaint, and dispositive motions shall be filed within 90 days after the close of discovery.

Dated: June 15, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE