1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOSEPH L. ENNIS,                              No.  2:18-CV-0816-TLN-DMC-P

12                    Plaintiff,

13           v.                                     <u>FINDINGS AND RECOMMENDATIONS</u>

14    A. HERRERA, et al.,

15                    Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for injunctive relief. <u>See</u> ECF

19    No. 28.

20

21                               **I. BACKGROUND**

22           At the time of filing his civil rights complaint (ECF No. 1), plaintiff was a prisoner

23    at California State Prison, Sacramento (CSP-Sac). Plaintiff's complaint claims that the

24    defendants, all employees at CSP-Sac, violated his Eight Amendment rights by being deliberately

25    indifferent to plaintiff's medical needs. On June 15, 2018, plaintiff submitted a notice of change

26    of address to the Court. <u>See</u> ECF No. 13. Plaintiff is no longer an inmate at CSP-Sac and is

27    instead currently incarcerated at Kern Valley State Prison (KVSP) in Delano, CA. <u>See</u> <u>id.</u> On

28    March 6, 2020, plaintiff filed this motion for injunctive relief.

1    Plaintiff requests assistance in receiving medical care and evaluation by an "expert

2    doctor." ECF No. 28, pg. 3. Plaintiff seeks an order that: (1) establishes a hearing wherein

3    defendants shall show cause why an order should not be issued enjoining them to provide plaintiff

4    medical care; and (2) subsequently requires defendants to arrange with KVSP's medical

5    department an appointment with an outside orthopedic and knee specialist. See id. at 2.

6

7                                    **II. DISCUSSION**

8    Given plaintiff's transfer from CSP-Sac to KVSP, the Court finds the injunctive

9    relief sought by plaintiff to be unavailable.

10    The legal principles applicable to requests for injunctive relief, such as a

11    temporary restraining order or preliminary injunction, are well established.  To prevail, the

12    moving party must show that irreparable injury is likely in the absence of an injunction.  See

13    Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

14    Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

15    standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

16    controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

17    1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

18    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

19    injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

20    interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

21    however, issue an order against individuals who are not parties to the action.  See Zenith Radio

22    Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking

23    injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

24    prison renders the request for injunctive relief moot, unless there is some evidence of an

25    expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

26    Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

27    / / /

28    / / /

2

1      Here, plaintiff's motion fails because he is no longer an inmate at CSP-Sac.

2   Plaintiff argues that "although I am in another prison, the defendants have the responsibility for

3   providing . . . treatment . . . and the ability to arrange for me to get to an outside hospital." ECF

4   No. 28, pg. 5. However, the record clearly reflects that plaintiff's claims stem from his conditions

5   of confinement at CSP-Sac and that all named defendants are employees at CSP-Sac. As such, no

6   medical employees at KVSP are defendants to this action and the Court cannot issue orders

7   against them. Plaintiff attempts to circumvent this by seeking an order that requires the CSP-Sac

8   defendants to, themselves, command the KVSP medical staff to provide him with treatment, but

9   this is futile. Defendants are not employees at KVSP, and nothing submitted before the Court

10  suggests that defendants have any authority over medical professionals at another prison.

11

12                              **III. CONCLUSION**

13      Based on the foregoing, the undersigned recommends that plaintiff's motion for

14  injunctive relief (ECF No. 28) be denied.

15      These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court.  Responses to objections shall be filed within 14 days after service of

19  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

20  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22

23  Dated:  June 25, 2020

24                                            _____
                                              DENNIS M. COTA
25                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

                                         3