IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. ENNIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. HERRERA, et al.,<br><br>　　　　　Defendants. | No. 2:18-CV-0816-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. An answer to plaintiff's first amended complaint has been filed[1] and, therefore, this case is now at issue. Pursuant to Federal Rule of Civil Procedure 16(b), the Court will, by this order, set a schedule for this litigation.

///

///

---

[1] On June 16, 2020, the Court granted plaintiff's motion to amend (ECF No. 26) his complaint and ordered plaintiff to file and serve an amended pleading within 30 days of the Court's order. However, the Court now notes that plaintiff's motion to amend was accompanied by a proposed amended complaint erroneously labeled "First Amended Petition for Writ of Habeas Corpus" (ECF No. 27). Therefore, this action now proceeds on plaintiff's first amended complaint filed on February 24, 2020. Defendants having duly responded to plaintiff's amended complaint, the Court now issues this amended scheduling order in accordance with its June 16, 2020 order.

1

1        1.      No amendments to the pleadings or joinder of parties shall be permitted without leave of Court.

2.      Discovery requests shall be served by the party seeking the discovery on all parties to the action.  Discovery requests shall not be filed with the Court except when required by Eastern District of California Local Rules 250.1(a), 250.2(c), 250.3(c), and/or 250.4(c).  Improperly filed discovery requests will be disregarded;

3.      Responses to written discovery requests shall be due 45 days after the request is served;

4.      Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), defendant(s) may depose plaintiff and any other incarcerated witness upon condition that, at least 14 days before such a deposition, all parties are served with the notice required by Federal Rule of Civil Procedure 30(b)(1);

5.      If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules, including Federal Rules of Civil Procedure 5, 7, 11, 26, and 37 and Eastern District of California Local Rules 133, 134, 135, 137, 130, 131, 110, 141, 141.1, and 230(m); unless otherwise ordered, Local Rule 251 shall not apply.  Filing a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion;

6.      The parties may conduct discovery until February 2, 2021.   All requests for discovery pursuant to Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45 shall be served by this discovery cut-off date.  Any motions necessary to compel discovery shall be filed within 60 from this cut-off date.

7.      All dispositive motions shall be filed within 90 days after the discovery cut-off date specified above;

8.      Unless otherwise ordered, all motions shall be briefed pursuant to Local Rule 230(m), and failure to oppose such a motion in a timely manner may be deemed a waiver of opposition to the motion;

/ / /

9. Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the Court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the Court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the Court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

10. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached <u>Rand</u> Notice.  <u>See</u> <u>Rand</u>, 154 F.3d at 957.  Failure to do so may constitute grounds for denial of

the motion.

11. At a later stage in the proceedings, the Court will issue a final scheduling order; and

12. The Clerk of the Court is directed to send the parties the Court's notice regarding expedited trial setting procedures upon consent to Magistrate Judge jurisdiction.

IT IS SO ORDERED.

Dated: July 22, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The Court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the Court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[2] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the Court may accept the defendant's evidence as the truth and grant the motion.

The Court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the Court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the Court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).